# EXHIBIT A

FILED
3/25/2024 12:11 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2022CH00675
Calendar, 4
26964964

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, CHANCERY DIVISION**

| | |
|---|---|
| RAYMOND E. BUTLER II ) | |
| ) | |
| Plaintiff, ) | |
| ) | **Case No. 22 CH 675** |
| vs. ) | |
| ) | |
| ILANA EDDI and ELY EDDI, individually ) | |
| and as Trustees of the Jack Finn Irrevocable ) | |
| Trust. ) | |
| Defendants. ) | |
| ------------------------------------------------------------- ) | |
| ILANA EDDI and ELY EDDI, individually ) | |
| and as Trustees of the Jack Finn Irrevocable ) | |
| Trust. ) | |
| ) | |
| Counter-Plaintiffs, ) | |
| ) | |
| vs. ) | |
| ) | |
| RAYMOND E. BUTLER II, ) | |
| ) | |
| Counter-Defendant. ) | |

**COMBINED MOTION FOR SUMMARY JUDGMENT**
**AND RESPONSE TO MOTION TO COMPEL**

Now comes the Defendants/Counterclaimants, ILANA EDDI AND ELY EDDI ("the Trustees") by and through their attorneys, Gutman & Associates LLC and pursuant to 735 ILCS 5/2-1005, for the entry of an Order (i) granting summary judgment in favor of the Trustees and against Plaintiff RAYMOND E. BUTLER II ("Plaintiff"), and (ii) denying Plaintiff's motion to compel discovery brought pursuant to Illinois Supreme Court Rule 219 In support thereof, Plaintiff, through counsel, states as follows:

**INTRODUCTION**

On October 6, 2022, Plaintiff Raymond E. Butler ("Raymond") filed his First Amended

1

Complaint for Trust Accounting ("Amended Complaint"), the sole Count of the complaint which alleges that he is a beneficiary of the Jack Finn Irrevocable Trust ("Jack Finn Irrevocable Trust") and demands an accounting. No other relief is sought in the Amended Complaint other than to demand an accounting related to the Jack Finn Irrevocable Trust.

The Amended Complaint names as Defendants Ely Eddi and Ilana Eddi, each as Trustees for the Jack Finn Irrevocable Trust. However, it also names them individually. Ely Eddi or Ilana Eddi, individually have no legal duty whatsoever to perform an accounting or take any other action in regards to a trust formed by another person. Accordingly, Plaintiff's claim for an accounting from the Trustees in their individual capacities cannot be sustained as a matter of law.

The Plaintiff does not identify in the Amended Complaint which Jack Finn Irrevocable Trust he claims to be a beneficiary. The complaint only refers to "the Jack Finn Irrevocable Trust." In discovery, the Plaintiff produced two Jack Finn Irrevocable Trust, both of which are dated December 3, 1993. However, Raymond is not a named beneficiary under either of these Trust agreements. The Defendant also produced in discovery another Jack Finn Irrevocable Trust dated June 21, 1996. But once again Raymond is not named as a beneficiary.

Assuming *arguendo,* that Raymond had some rights under a Trust, Rayment released Any such claim when he executed a release which released any rights against any Jack Finn Irrevocable Trust, Illana Eddi individually and as Trustee and Ely Eddi individually and as Trustee.

### Section 2-1005 Motion

Section 5/2-1005(a) states, that "[a]ny time after the opposite party has appeared or after the time within which he or she is required to appear has expired, a plaintiff may move with or without supporting affidavits for summary judgment in his or her favor for all or any part of the relief sought.". Section 5/2-1005(c) states, in part, that "[t]he judgment sought shall be rendered

2

FILED DATE: 3/25/2024 12:11 PM   2022CH00675

without delay if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.". Section 5/2-1005(d) states, in part, that " . . . if a party moves for summary determination of one or more, but less than all of the major issues in the case, and the court finds that there is no genuine issue of a material fact as to that issue or those issues, the court shall thereupon draw an order specifying the major issue or issues that appear without substantial controversy, and directing such further proceedings upon the remaining undetermined issues as are just."

## MOTION FOR SUMMARY JUDGMENT

### I. AS A MATTER OF LAW, THERE IS NO BASIS FOR ELY EDDI AND ILANA EDDI TO BE NAMED TO THE AMENDED COMPLAINT INDIVIDUALLY, IN ADDITION TO BEING NAMED IN THEIR CAPACITY AS TRUSTEES

1. On October 6, 2022, Plaintiff Raymond E. Butler ("Raymond") filed his First Amended Complaint for Trust Accounting ("Amended Complaint"), the sole Count of which alleges that he is a beneficiary of the Jack Finn Irrevocable Trust ("Jack Finn Irrevocable Trust") and demands an accounting related thereto. No other relief is sought in the Amended Complaint other than to demand an accounting related to the Jack Finn Irrevocable Trust.

2. The Amended Complaint names as Defendants Ely Eddi and Ilana Eddi, each as Trustees for the Jack Finn Irrevocable Trust. However, it also names them individually.

3. Neither Ely Eddi nor Ilana Eddi has any legal duty whatsoever to perform an accounting or take any other action in regard to a trust formed by another. Plaintiff has not alleged any other claim. Any claim which may be articulated by an alleged beneficiary for an accounting can only be brought against the Trustees in their capacities as trustees, not as individuals.

FILED DATE: 3/25/2024 12:11 PM 2022CH00675

4.      Accordingly, Plaintiff's claim for an accounting from the Trustees in their individual capacities cannot be sustained as a matter of law.

## II. THERE IS NO BASIS TO SUPPORT PLAINTIFF'S CLAIMS AGAINST ELY EDDI AND ILANA EDDI IN THEIR CAPACITIES AS TRUSTEES

5.      As explained below, there is no basis to support Plaintiff's claims against Ely Eddi and Ilana Eddis as Trustees for the Jack Finn Irrevocable Trust because Plaintiff is not a named beneficiary to any Jack Finn Irrevocable Trust which Ely Eddi and/or Ilana Eddi have been named as Trustees.

### A. Plaintiff is not a Named as a Beneficiary the December 3, 1993, Jack Finn Irrevocable Trust that Plaintiff has Identified in Discovery

6.      Plaintiff does not identify in the Amended Complaint which Jack Finn Irrevocable Trust he alleges that he is entitled to claim as a beneficiary. The complaint only refers to "the Jack Finn Irrevocable Trust."

7.      As a result of the lack of clarity in the Complaint, the Trustee, in their First Request for Production I, a copy of which is attached as **Exhibit "A,"** demanded the following information from Plaintiff:

2. A copy of any Jack Finn Irrevocable Trust and any amendments thereto, including but not limited to any Jack Finn Irrevocable Trust dated December 3, 1993

8.      On January 11, 2024, Butler provided a certified response, a true copy of which is attached hereto as **Exhibit "B,"** and provided the following answer:

2. A copy of any Jack Finn Irrevocable Trust and any amendments thereto, including but not limited to any Jack Finn Irrevocable Trust dated December 3, 1993

**RESPONSE:**      Jack Finn Irrevocable Trust dated December 3, 1993 (RB000029-RB000052); investigation continues.

4

FILED DATE: 3/25/2024 12:11 PM 2022CH00675

9. It is unclear when Plaintiff received a copy of the December 3, 1993, Jack Finn Irrevocable Trust given that the Amended Complaint provides that "At the time the purported release was signed, Raymond was not provided a copy of the Trust, or advised of the nature of his beneficial interest in the Trust or whether he would be entitled to future distributions." See, *Amended Complaint* ¶ 30 & 47(b). In any event, it is clear that Raymond Butler NOW has a copy of the December 3, 1993, Jack Finn Irrevocable Trust under which they purport to claim. It is clear from the face of the Trust that Plaintiff is not a beneficiary thereof. The Second Article of the Trust as follows:

> SECOND: For the purposes of this Agreement, the term "my wife" shall refer to the person to whom I am married from time to time, and, after my death, to my surviving spouse, and the term "my children" shall refer to my daughter, ILANA FINN EDDI ("ILANA"), as well as any children hereafter born to or adopted by me, who are collectively referred to herein as my "children" and individually as a "child" of mine. I also have three foster children, namely: RAYMOND BUTLER, SILVER BUTLER and HELEN BUTLER; four sisters:
>
> 1
>
> RB000002

> SYLVIA PACKER, NONIE RUDOLPH, ESTHER GREEN, and NORA WEISS; and two former wives, DORINE MAGENCE and HELEN FRIEDMAN FINN. If my wife adopts a foster child of mine after death, such child shall be considered a child of mine. The aforementioned foster children (and any other foster children) shall be a part of this trust and shall benefit from this trust (or any other trust I shall make) ONLY IF they are fully legally adopted by me or by my wife after my death and only if they remain my legally adopted children.

10. It is clear from the Jack Finn Irrevocable Trust that Raymond Butler (Plaintiff), as a foster child of Jack Finn, "shall benefit from this trust (or any other trust that I shall make) ONLY IF they are fully legally adopted by me or by my wife after my death and only if they remain my

legally adopted children." See, *Exhibit "C-1" (December 3, 1993, Jack Finn Irrevocable Trust (RB29-52))*.

11. Raymond Butler admits that he was not adopted by Jack Finn. Butler contends this is because his biological parents would not consent. See First Amended complaint paragraph 15 attached as **Exhibit E.**

12. The Motion to Compel, concedes that he has no evidence of being entitled to any rights as a beneficiary under Jack Finn Irrevocable Trust as he states in the motion that he is still looking for "the existence of the trust as alleged by Raymond." See, *Motion to Compel* ₱ 12.

13. However, the December 3, 1993, Jack Finn Irrevocable Trust (RB29-52) not only makes clear that Plaintiff is not entitled to benefit **from this trust** if he is not fully legally adopted, but further, that he is not entitled to benefit **from any other trust** that is formed by Jack Finn.

14. Jack Finn did not pass away while still married to his then-wife, Pessa Finn. They divorced on March 11, 2008. a true copy of the judgment for dissolution of marriage is attached as Exhibit D.

15. This same Judgment for the Dissolution of Marriage dated March 11, 2008 (Exhibit "D") on page 2, paragraph (D), confirms that Raymond Butler has never been adopted by Jack Finn or his then-wife. It expressly provides as follows:

> "No children were born to the parties as a result of the marriage. Two children were adopted by the parties namely Shoshana, born December 5, 1987; who is 20 years old and emancipated and Chana, born January 9, 1992, who is 16 years old."

See, *Exhibit "D" (March 11, 2008, Judgment for the Dissolution of Marriage)* p. 2 ₱ (D)[1].

---

[1] Raymond Butler's name does not appear at all within the Judgment for Divorce, or the Marital Settlement Agreement annexed thereto.

FILED DATE: 3/25/2024 12:11 PM 2022CH00675

16.     The December 3, 1993 Jack Finn Irrevocable Trust (Exhibit "C-1") specifically exclude, among others, all foster children who are not **fully legally adopted,** and from taking under it, or under any other trust by Jack Finn, and (B) Plaintiff Raymond Butler was never fully legally adopted by Jack Finn (or his wife anytime prior to their divorce on March 11, 2008); thus, Plaintiff is not a Beneficiary under its terms, or under the terms of any other trust made by Jack Finn.

17.     Given that Plaintiff is not a beneficiary or other interested party relative to the December 3, 1993, Jack Finn Irrevocable Trust (RB29-52) or, according to the language of that trust, any other of Jack Finn's trusts, he is not entitled to any accounting; thus, the sole count of the complaint (seeking to compel a trust accounting) must be dismissed with prejudice.

**B.** **Plaintiff is not Named as a Beneficiary upon Death of the Second December 3, 1993, Jack Finn Irrevocable Trust that Plaintiff has Produced in Discovery**

18.     In discovery, Plaintiff also produced a second trust, also dubbed the Jack Finn Irrevocable Trust and also dated December 3, 1993 (RB59 -91) See Second Jack Finn Irrevocable Trust and also dated December 3, 1993 attached as Exhibits C-2); This is not the same trust as the one referenced by Plaintiff in his Interrogatory Responses.

19.     Similarly in his Motion to Compel, concedes that he is not entitled to claim as a beneficiary under the Second December 3, 1993, Jack Finn Irrevocable Trust (RB29-52). As mentioned above, Plaintiff's entire basis for his Motion to Compel is that he is still looking for "the existence of the trust as alleged by Raymond." See, *Motion to Compel* ⁋ 12.

20.     Further, Article IV of the Second December 3, 1993, Jack Finn Irrevocable Trust expressly provides that all trust assets payable on the settlor's death shall be any "child born or

7

adopted of the marriage of Grantor and Pessa Finn." [2] See, *Second December 3, 1993 Jack Finn Irrevocable Trust* (RB59-91) at RB66 (duplicated on RB102-RB134) at RB108.

21.     Given that Plaintiff was neither born nor adopted of the marriage of Jack Finn and Pessa Finn, as confirmed by the March 11, 2008, Judgment for the Dissolution of Marriage, (Exhibit "D") at p. 2 ¶ (D), he is not entitled to take any death benefits related thereto. See, *Exhibit "D" (March 11, 2008 Judgment for the Dissolution of Marriage)* p. 2 ¶ (D)[3].

22.     The Judgment for Dissolution may have been entered on March 11, 2008, but the total amounts due under the marital settlement agreement were not satisfied until September 21, 2009, as shown on **Exhibit "F"** hereto. See, *Exhibit "F" (September 21, 2009 Satisfaction of Marital Settlement Obligations)*.

23.     On September 21, 2009, Pessa Finn signed a full release of Jack Finn and confirmed that, as of that date, all obligations to her from Jack Finn had been satisfied. See Exhibit F)

### C.  The Release Related to the December 1993 Jack Finn Irrevocable Trusts

24.     On that same day, September 21, 2009, as part of the satisfaction of his debts to Pessa Finn under the terms of their divorce, Jack Finn executed two (2) documents, each labelled "Form of Direction to Disburse." They are hereafter referred to as the "Direction to Disburse" and the "Second Direction to Disburse." Each document is addressed to Ely Eddi and Ilana Eddi, as trustees of the Jack Finn Irrevocable Trust. See Amended Complaint paragraph 19-23.

### i.  Directions to Disburse

---

[2] To that same end, Plaintiff is not entitled to claim any benefit prior to Jack Finn's death under Article II (Initial Beneficiaries and Provisions Prior to Grantor's Death), Page 4, ¶ F expressly provides that Raymond Butler's rights as an initial beneficiary terminated when he ceased to be a foster child of Jack Finn on or before the date he turned 18 years old. Subsequent thereto, in September 2009, and as set forth in greater detail below, Plaintiff executed a full release of the Trust, and of Ely and Ilana Eddi individually and as trustees, in connection with which Plaintiff received $30,000.

[3] Plaintiff's name does not appear at all within the Judgment for Divorce or the Marital Settlement Agreement annexed thereto.

8

25. The first Direction to Disburse appears to be the actual Form Direction to Disburse. It is signed and authorized by not only Jack Finn, and Plaintiff, but also by Silver Butler-Finn, Helen Butler-Finn and Pessa Finn, who are all of the persons named within the Second December 3, 1993, Jack Finn Irrevocable Trust.[4]. See First Direction Attached as **Exhibit G**

26. The Second Direction to Disburse better resembles an acknowledgment by Plaintiff that the funds that he received operated to reduce any trust benefits due to him; it is only signed by Jack Finn and Plaintiff. See Second Direction Attached as **Exhibit H.**

27. The Second Direction **(Exhibit H)** to Disburse describes Plaintiff as a "beneficiary." The first Direction (Exhibit G) does not. In connection therewith, the second Direction to Disburse states that the funds being remitted to Plaintiff in connection therewith would have the effect of reducing any other benefits that he could have <u>during Jack Finn's lifetime</u> under any other trust which he could then, or thereafter benefit from.

28. The Second Direction to Disburse references the Second December 3, 1993, Jack Finn Irrevocable Trust's permitted pre-death discretionary (and unequal) distributions of trust assets during Jack Finn's lifetime, to among others, Plaintiff but only prior to Plaintiff's 18th birthday. See, *Second December 3, 1993, Jack Finn Irrevocable Trust (RB29-52) at Article II(F)*. There is no other Jack Finn Irrevocable Trust known to the Trustees or which has been produced

---

[4] The first December 3, 1993, Jack Finn Irrevocable Trust also includes the persons noted within the paragraph to which this footnote is a part, but adds Sylvia Packer, Nonie Rudolph, Esther Green, and Nora Weiss, as well as Dorine Magence and Helen Freidman Finn. Because the first Direction to Disburse was executed by only the parties listed in the Second December 3, 1993 Trust, but not all of the persons named to the First December 3, 1993, it can be presumed that at least the Second Direction to Disburse was executed in connection with the Second December 3, 1993 Jack Finn Irrevocable Trust. If the Direction to Disburse was executed in connection with the First December 3, 1993 Jack Finn Irrevocable Trust it would also have necessarily included Sylvia Packer, Nonie Rudolph, Esther Green, and Nora Weiss, as well as Dorine Magence and Helen Freidman Finn.

FILED DATE: 3/25/2024 12:11 PM  2022CH00675

in discovery by any party which references prospective, unequal, and discretionary lifetime disbursements of trust funds.

### ii. Plaintiff Fully Released the Trustees, as trustees and individuals, from all Claims Related to Any Jack Finn Trust

29. The Directions to Disburse appear to have been signed on September 21, (See verified Amended Complaint at paragraph 25 which is attached as Exhibit E.

30. The Plaintiff in the Amended complaint paragraph 27 has admitted that on September 23, 2009, Raymond Butler signed in connection with each Direction to Disburse, a full release of, among others, Ely and Ilana Eddi, as trustees and individually (the "Release"). A copy of the Release is attached as Exhibit I).

31. The Release executed by Raymond on September 23, 2009, provides as follows:

FOR IN CONSIDERATION of the sum of ($30,000.00) Dollars and other additional consideration, the receipt thereof is hereby acknowledge RAYMOND BUTLER his successors and assigns hereby forever releases and discharges the Jack Finn Irrevocable Trust ,Illana Eddi individually and as Trustee, Ely Eddi individually and as Trustee, and Jack Finn for any and all claims, demands, suits, actions, chose in actions whether in law, equity or probate which it now has or shall ever have against the foregoing arising out of any claim or interest in the Jack Finn Irrevocable Trust or any claims that any funds are due or owing from Jack Finn, Illana Eddi, Ely Eddi or their successors or assigns.

The undersigned has had the opportunity to review this release and has executed this document after complete review and understanding.

32. Pursuant to the terms of the Release, Plaintiff fully released the Trustees from any and all claims, demands, suits, actions, including those in equity, law or probate, which Plaintiff has ever had or shall ever have against the Trustees, individually and as trustees.

33. Plaintiff confirms to have received the sum of $30,000 in the form of six (6) equal checks of $5,000. This is admitted by the Plaintiff in the Amended complaint paragraph 27. Once Plaintiff received the $30,000, the Release became effective.

34.     The Release was also executed in connection with Jack Finn and Pessa Finn's satisfaction of their divorce obligations to each other. After all, Pessa was also a named beneficiary to the Second December 3, 1993, Jack Finn Trust, and her release of Jack Finn was signed near simultaneously with Plaintiff's Release.

35.     Plaintiff signed the full release of Jack Finn, as well as the Jack Finn Irrevocable Trust, and Ely Eddi and Ilana Eddi individually and as Trustees, simultaneously with Pessa's release of Jack Finn under the terms of their divorce.

RELEASE

The undersigned Pessa Finn does hereby acknowledge receipt of all sums due under the terms of the Judgement of Dissolution and Marital Settlement agreement in Case No: 08 D 526.

The undersigned further states that all sums due have been paid in full and there are no further sums due from Jacob A. Finn.

PESSA K. FINN

Dated: 9/21/09

36.     The Trustees are not in possession of any document which demonstrates that they have been appointed or accepted the appointment as a trustee in connection with the Second December 3, 1993 Jack Finn Irrevocable Trust. The Trustees are unaware as to why the Second Direction to Disburse was directed to them as trustees.

37.     However, it is immaterial whether Ely and Ilana Eddi were actually trustees in connection with the Second December 3, 1993 Jack Finn Trust, because even if they were, Plaintiff signed a release of all liability related thereto. *See, September 21, 2009 Release by Raymond Butler.*

11

FILED DATE: 3/25/2024 12:11 PM 2022CH00675

## D. Statute of Limitations Bar Plaintiff's Claim Which Arises From Actions Or Occurrences From 2009

38. The Trustees are not in possession of any document which demonstrates that they have been appointed or accepted the appointment as a trustee in connection with the Second December 3, 1993 Jack Finn Irrevocable Trust.

39. To the best of the Trustee's knowledge, neither Ely Eddi nor Ilana Eddi were never appointed as trustees of the Second December 3, 1993 Jack Finn Irrevocable Trust.

40. The Trustees are unaware as to why the Second Direction to Disburse was directed to them as trustees.

41. However, it is immaterial whether Ely and Ilana Eddi were actually trustees in connection with the Second December 3, 1993, Jack Finn Trust, because even if they were, Plaintiff signed a release of all liability related thereto. See, *September 21, 2009 Release by Raymond Butler* attached as **Exhibit I.**

42. Certainly, once Raymond executed the release of any possible claims the Trustee would not have had an obligation to provide him with an accounting.

43. If Raymond Butler had any rights under a Trust, he was required to file his action within the ten-year statute of limitations.

44. Section 735 ILCS 5/13-206 provides as follows:

Sec. 13-206. Ten-year limitation. Except as provided in Section 2-725 of the "Uniform Commercial Code", actions on bonds, promissory notes, bills of exchange, written leases, written contracts, or other evidences of indebtedness in writing and actions brought under the Illinois Wage Payment and Collection Act shall be commenced within 10 years next after the cause of action accrued...

45. Raymond Butler executed the release on September 21, 2009. Thus, he was required to file suit no later than September 21, 2019.

46. Raymond failed to file this lawsuit in 2022, after the limitations expired. Thus, this case must be dismissed with prejudice.

**E. Plaintiff is not a Named Beneficiary of the June 21, 1996, Jack Finn Irrevocable Trust that the Trustees Identified in Discovery**

47. The other Jack Finn Irrevocable Trust which has been produced in discovery is the Jack Finn Irrevocable Trust dated June 21, 1996. A copy of this Trust at attached as Exhibit J.

48. Just as Jack Finn said he would in the December 3, 1993, Jack Finn Irrevocable Trust (see paragraph 16 above), he also excluded Plaintiff from the Jack Finn Irrevocable Trust dated June 21, 1996, using the same language set forth in the paragraphs 16-17 above, which is as follows:

> **SECOND:** For purposes of this Agreement, the term "my wife" shall refer to the person to whom I am married from time to time, and, after my death, to my surviving spouse, and the term "my children" shall refer to my daughter, ILANA FINN EDDI ("ILANA"), as well as any children hereafter born to or adopted by me, who are collectively referred to herein as my "children" and individually as a "child" of mine. I also have three foster children, namely: RAYMOND BUTLER, SILVER BUTLER and HELEN BUTLER; four sisters: SYLVIA PACKER, NONIE RUDOLPH, ESTHER
>
> 1

> GREEN, and NORA WEISS; and two former wives, DORINE MAGENCE and HELEN FRIEDMAN FINN. If my wife adopts a foster child of mine after death, such child shall be considered a child of mine. The aforementioned foster children (and any other foster children) shall be a part of this trust and shall benefit from this trust (or any other trust I shall make) ONLY IF they are fully legally adopted by me or by my wife after my death and only if they remain my legally adopted children.

13

FILED DATE: 3/25/2024 12:11 PM 2022CH00675

FILED DATE: 3/25/2024 12:11 PM 2022CH00675

49.     Like the December 3, 1993, Jack Finn Irrevocable Trust, it is clear from the Jack Finn Irrevocable Trust that Raymond Butler (Plaintiff), as a foster child of Jack Finn, "shall benefit from this trust (or any other trust that I shall make) ONLY IF they are fully legally adopted by me or by my wife after my death and only if they remain my legally adopted children." See, *June 21, 1996, Jack Finn Irrevocable Trust. (Exhibit J)*

50.     Just like with the December 3, 1993 Jack Fin Irrevocable Trust (**Exhibit "C"**), (A) the provisions of the June 21, 1996 Jack Finn Irrevocable Trust (**Exhibit "G"**) specifically exclude all foster children who are not **fully legally adopted,** and from taking under it, or under any other trust by Jack Finn, and (B) Plaintiff was never fully legally adopted by Jack Finn (or his wife anytime prior to their divorce on March 11, 2008); thus, Plaintiff is not a Beneficiary under its terms, or under the terms of any other trust made by Jack Finn.

51.     The affidavit of Ely Edy in support of this motion as Exhibit L.

52.     Given that Plaintiff is not a beneficiary or other interested party to any of the aforementioned trusts (**Exhibit "C-1, C-2, or J"**) or, according to the language of those trusts, any Jack Finn Irrevocable Trust, Plaintiff is not entitled to any accounting. Thus, the one count complaint (seeking to compel a trust accounting) must be dismissed with prejudice.

## RESPONSE TO MOTION TO COMPEL

### III. PLAINTIFF SEEKS TO COMPEL THE PRODUCTION OF INFORMATION WHICH GO WELL BEYOND THE CLAIMS AT ISSUE, WHICH CONCERN ONLY A DEMAND FOR AN ACCOUNTING RELATED TO AN IRREVOCABLE TRUST

53.     The motion to compel discovery should be denied because there is no amount of discovery that can be conducted which may lead to evidencing demonstrating that Plaintiff is a beneficiary of any Jack Finn Irrevocable Trust, and his attempts here represent a mere fishing expedition.

14

FILED DATE: 3/25/2024 12:11 PM    2022CH00675

54.     However, Plaintiff's motion to compel should also be denied because the discovery sought is substantially overbroad and irrelevant to the sole question in this lawsuit – whether Plaintiff is entitled two and accounting related to the "Jack Finn Irrevocable Trust" identified by him in his Interrogatory Responses (**Exhibit "B"**) at Response #2.

55.     However, the documents exchanged in discovery have definitively demonstrated that Jack Finn, as the settlor of the above-described trusts, neither did, nor intended to, provide for any benefit to Plaintiff thereunder. See, *Exhibit "C-1, C-2 & J" hereto.*

56.     In fact, Jack Finn's August 20, 2012 Last Will and Testament (Exhibit K-1) also makes no mention of Plaintiff providing instead as follows:

> FOURTH:    As of the present time, I have three (3) children now living, namely:  Ilana Finn Eddi, my adopted daughter Silver A/K/A Shoshana Finn and my adopted daughter Helen A/K/A Chana Finn.  My daughter Ilana presently has three children, namely Symon, Balie, and Gabriel.

57.     The same is true of Jack Finn's February 3, 2015 Will, and May 26, 2016 Last Will and Testament (as amended by codicil on July 24, 2016). See attached Exhibits K-2 and K-3)

58.     Each of Jack Finn's Last Wills and Testaments subsequent to his divorce from Pessa Finn confirm his intention to exclude Plaintiff from taking as a beneficiary of Jack Finn's estate.

59.     Plaintiff's claim is, in sum, that there must be a trust out there which entitles him to claim as a beneficiary. See, *Motion to Compel,* ₱ 12.

60.     Plaintiff has subpoenas to every possible non-party for trust documents naming him as a beneficiary and none have been produced, including but not limited to every Bank that Jack Finn did business, every Trustee of every known Trust and every attorney that Jack Finn did estate panning work.

15

61. After coming up empty, Plaintiff's has resorted to harassing Ely Eddi and Ilana Eddi with requests for anything that they may have received since 1973. Nothing that would be identified will lead to any information to support that Raymond Butler is a beneficiary of any Trust.

62. On November 29, 2023, Plaintiff issued two sets of Rule 2013 First Set of Interrogatories: one to Ely Eddi and one to Ilana Eddi. See, Motion to Compel, *Exhibit "A."*

63. In Plaintiff's Interrogatories, Plaintiff requested among other things for each recipient to respond to the following response, in both their capacities as trustees and individuals:

> "18. Identify any and all assets or property you received from Jack (Finn), either individually or in Trust, or from his estate for the period of 1993 to the present."

See, *Motion to Compel, Exhibit "A" at Request No. 18.*

64. Both Trustees responded that they did not receive any funds from any Jack Finn Irrevocable Trust and objected to the remainder of the request as overbroad and unduly burdensome and not likely to lead to relevant information, as reproduced below:

> Identify any and all assets or property you received from Jack, either individually or in Trust, or from his estate for the period of 1993 to the present.
>
> **RESPONSE: Objection, this request is overbroad and unduly burdensome and not likely to lead to relevant information. Notwithstanding this objection, Ilana Eddi does not believe that she received any funds from any Jack Finn Irrevocable Trust.**

See, *Motion to Compel, Exhibit "B"* Response #17 [Sic.].

65. Given that this case involves solely the demand for an accounting to Jack Finn Irrevocable Trusts, the Trustees respectfully submit that Plaintiff's request for documents and information which are beyond that scope and are neither relevant nor likely to lead to evidence which is relevant to the question of Jack Finn Irrevocable Trust's assets and the disposition thereof, are properly objected to and are not discoverable.

16

66.     Undeterred, Plaintiff sent a deficiency letter on January 22, 2024, contending, without specificity or support, that the "identification of assets or property received from Jack Finn, grantor of the Jack Finn Irrevocable Trust, is calculated to lead to the potential Trust assets, and the Trust itself, at issue in this case." See, *Motion to Compel, Exhibit* "C."

67.     On February 5, 2024, the Trustees responded as follows:

**Interrogatory No. 17.** In this request you have asked Ilana or Ely Eddi to identify if Jack Finn gave his daughter or son-in-law anything in over 30 years. The request on its face is overbroad and unreasonable. Your complaint claims that Ray Butler is a beneficiary of an unspecified irrevocable Trust. We have advised you that Ilana and Ely Eddi are unaware of receipt of any assets from any irrevocable trust. To the extent that your request seeks information from "any Trust" or anything that Mr. Finn may have given his daughter or son in law in over a 30-year period, the request is vague, overbroad and not likely to lead to relevant information.

If you have any questions or would like to discuss these supplemental responses, please contact me.

See, *Motion to Compel, Exhibit* "D."

68.     Simultaneously, the Trustees once again advised Plaintiff of the following, which is responsive to the relevant portions of Plaintiff's requests:

Ilana and Ely Eddi are unaware of their receipt of any assets from any irrevocable trust. To the extent that your request seeks information regarding "any (unknown unspecified) Trust," the request is vague, overbroad, and not likely to lead to relevant information. Please identify what Trust you claim that Ray Butler is a beneficiary, and we will respond further to this request.

69.     Plaintiff's counsel did not contact my firm to personally confer and discuss the responses and objections to the discovery as required by Supreme Court Rule 201(k). Rather, Plaintiff filed his motion to compel on February 20, 2024.

70. The Trustees have already certified that they are unaware of ever having received any assets from any Jack Finn Irrevocable Trust. Further, this request is overbroad to an extreme extent. This request would include a requirement to identify even a family dinner paid for by Mr. Finn

17

FILED DATE: 3/25/2024 12:11 PM    2022CH00675

over a 30-year period. None of this information is related to the Jack Finn Irrevocable Trust which forms the basis for Plaintiff's demand for an accounting (the sole count in Plaintiff's amended complaint).

71.    There is nothing more to be gained from ordering the substantially intrusive production of Ely Eddi and Ilana Finn's personal financial information for the purposes of confirming what they have already certified to: that they are unaware of ever having received any assets from any Jack Finn Irrevocable Trust.

72.    In the Motion to Compel, Plaintiff's sole basis is set forth in paragraph 12 of the motion. The basis is tenuous at best and provides as follows: "Defendants should be compelled to disclose all property received from the grantor, Jack Finn. Such disclosure is calculated to lead to the identification of potential Trust assets, which would further reveal the existence of the trust as alleged by Raymond."

73.    Not only have the Trustees have already certified that they are unaware of ever having received any assets from any Jack Finn Irrevocable Trust, they have also certified that they are unaware of any Jack Finn Irrevocable Trust under which Plaintiff is a beneficiary. Further, the Trust documents make clear Jack Finn's intention to exclude Plaintiff from the Trusts.

74.    There is no basis to grant Plaintiff's request for the production of highly intrusive information which is neither relevant nor likely to lead to the discovery of relevant admissible evidence.

## CONCLUSION

For the foregoing reasons, the Trustees respectfully request that the Court deny Plaintiff's Motion to Compel and grant the Trustees' motion for summary judgment and dismiss the Plaintiff's complaint with prejudice.

FILED DATE: 3/25/2024 12:11 PM 2022CH00675

Respectfully submitted,

ILANA EDDI and ELI EDDI
individually and as Trustees
of the Jack Finn Irrevocable Trust

Jeffrey K. Gutman
One of their attorneys

Jeffrey K. Gtman
Gutman & Associates LLC
4018 North Lincoln
Chicago, Illinois 60618
773.472.4500
Atty No. 14025
jgutman@GutmanAttorneys.com
.

19