# EXHIBIT C

FILED
8/22/2024 4:19 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2022CH00675
Calendar, 4
29068982

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

| | | |
|---|---|---|
| RAYMOND E. BUTLER II | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | **Case No. 22 CH 675** |
| vs. | ) | |
| | ) | |
| | ) | |
| ILANA EDDI and ELY EDDI, individually | ) | |
| and as Trustees of the Jack Finn Irrevocable | ) | |
| Trust. | ) | |
| Defendants. | ) | |
| ---------------------------------------------- | ) | |
| ILANA EDDI and ELY EDDI, individually | ) | |
| and as Trustees of the Jack Finn Irrevocable | ) | |
| Trust. | ) | |
| | ) | |
| Counter-Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| RAYMOND E. BUTLER II, | ) | |
| | ) | |
| Counter-Defendant. | ) | |

## DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

Now comes the Defendants, Ilana Eddi and Ely Eddi ("Movants") by and through their attorneys, Gutman & Associates LLC and submits the following reply to the opposition ("Opposition") filed by Raymond E. Butler II ("Plaintiff") in support of Movant's pending motion for summary judgment ("the Motion") and states as follows:

## INTRODUCTION

The Plaintiff filed his response to the motion for summary judgment on August 2, 2024, through which Plaintiff seeks to create a fact as to the causes of action set forth in the Complaint.

Prior thereto, on June 12, 2024 Your Honor will recall that the Plaintiff attempted to file, without motion or approval by the Court, a second amended complaint. The second amended

1

FILED DATE: 8/22/2024 4:19 PM 2022CH00675

complaint was stricken and Your Honor admonished the Plaintiff and his counsel for their failure to comply with Court Rules.

Clearly your Honor's admonishment had no effect on the Plaintiff, because right after the Plaintiff opposed this Motion (on August 2, 2024), the Plaintiff filed a new complaint on August 6, 2024 in another jurisdiction, through another attorney, via the Complaint annexed hereto as Exhibit "A." This new complaint relates to the same subject matter as has been litigated in this Action for years. The Plaintiff clearly has no intention of waiting for or abiding by your honor's decision in this matter and has initiated a newly-filed action in a futile attempt to remove this matter from Your Honor's hands. Your Honor should deem this an acceptance and acknowledgement that the Plaintiff's claims should fail here and the issues that have been litigated at length in this action be precluded from being relitigated in a new suit in a new forum.

Simply put, Plaintiff has not and cannot demonstrate that there is any trust that names Plaintiff a beneficiary for which Movants are Trustees.

In its Opposition, Plaintiff does not set forth any basis for individual liability by the Movants. Because there can be no duty owed by Movants to the Plaintiff outside of their capacity as trustees, all claims against the Movants in their evidence individual capacities must be dismissed.

The Opposition does, however, seek to raise a dispute of fact by claiming in his counter statement of facts, specifically in paragraph 2, that Raymond Butler "is a beneficiary of a trust established by Jack Finn."

First, the Plaintiff fails to draw any distinction between a revocable trust and irrevocable trust. This is an important distinction because Plaintiff's claim cannot be sustained unless he can show the existence of a trust (i) is irrevocable, (ii) names Plaintiff a beneficiary, (iii) names

2

FILED DATE: 8/22/2024 4:19 PM 2022CH00675

Movants as trustees (iv) is not barred by applicable statutes of limitation AND (v) that Plaintiff's September 2009 release of Movants, as trustees and individuals, is effective.

Second, the allegations set forth in paragraph 2 of "facts" alleged in the Plaintiff's statement of facts are supported by an affidavit.

Finally, for all of the rhetoric espoused by the Plaintiff about the numerous trusts that Jack Finn had during his lifetime, he fails to produce a single irrevocable trust naming Raymond Butler as a beneficiary, and the Raymond Butler has admitted in the complaint that he was not adopted and thus is not entitled to take from any irrevocable trust which may have been left. (See First Amended Complaint paragraph 14 to 16). The Plaintiff also attempts to raise an issue of fact by stating that "Raymond Butler has no recollection" of ever signing the release of claims. See counter-statement of facts paragraph 19. The lack of recollection is not a denial that his September 21, 2009 and September 23, 2009 releases of all claims against Movants (the "Release") was signed. There is no evidence in the record which would lead the Court to believe that the Release is inauthentic. The Plaintiff has not identified any expert capable of rendering such an opinion in his responses to discovery. The Plaintiff also admits to having received the $30,000 payment in connection with the release. The release is back from 2009. Any challenge by Plaintiff to the validity of his release of Defendants is long out of time. The Release is signed, its terms are clear, is contemplates a full release by Plaintiff of Movants, both as trustees and individuals, and the consideration thereunder is confirmed to have been paid.

For the reasons above and that follow, the Plaintiff has failed to identify any Trust for which Ely and Ilana Eddi are Trustees that names the Plaintiff as a beneficiary and has previously released any and all claims against Movants in a clear, signed writing; thus, Movants respectfully submits that their Motion for summary judgment must be granted.

FILED DATE: 8/22/2024 4:19 PM   2022CH00675

## There Has Been No Trust Identified With Raymond Butler As A Beneficiary

Plaintiff Raymond E. Butler has filed only a one Count complaint which alleges that he is a beneficiary of the Jack Finn Irrevocable Trust ("Jack Finn Irrevocable Trust") and demands an accounting.

Raymond in his statement of facts identifies (9) different Trusts that he states were created by Jack Finn. See Plaintiff statement of facts paragraph 9. Many of the trusts are clearly not Jack Finn Irrevocable Trusts - the only trusts that are relevant to these proceedings - and the Plaintiff's Attempt to persuade the court that they are relevant hereto is a clear subterfuge. In fact, the very trust which is identified by Plaintiff in paragraph 9 of Plaintiff's counter-statement of facts is the Ilana Finn Irrevocable Trust (nothing to do with Jack Finn), and the last is a Revocable Trust (for which Jack Finn remained his own trustee).

It is also important to note that many of these documents were not produced in discovery by the Plaintiff in this matter; if Plaintiff also contends that they are relevant here, then his withholding of said documents it is clearly sanctionable (considering that Plaintiff claims in paragraph 10 of its counter-statement of facts that some of these documents have been in Plaintiff's possession since February 2023. Further evidence of the Plaintiff's sanctionable conduct is demonstrated in paragraph 15 of the Affidavit of Raymond E. Butler II in connection with the Opposition in which Plaintiff contends that he obtained trust through Joel Rothman, Esq. Plaintiff failed to copy my office on any subpoena issued to Mr. Rothman and, of course, failed to provide us with any documents produced by him. Further, they were obtained by ill-gotten means: Plaintiff has no right to breach the privilege of Jack Finn and his attorney. The privilege belongs to the client. More to the point, Plaintiff references, at paragraph 15(b) of his affidavit in support of the Opposition that he obtained from Mr. Rothman copies of the Ilana Finn Trust. Plaintiff certainly

4

has no right to breach the privilege of Ilana Finn and her attorney. Given that the Plaintiff has a history of ignoring Your Honor's admonishments, harsher sanctions are in order, in addition to an order requiring the plaintiff to return all ill-gotten privileged documents.

The Plaintiff does not state that he is the beneficiary of any of the trusts that he now identifies. The Plaintiff does not state that Movants are trustees of any of these trusts. The only argument being made is that the Plaintiff seeks to do further discovery to locate some unknown Trust. This argument simply does not track. How is a bank account going to lead to the discovery of the trust document? Moreover, the Plaintiff has already subpoenaed every conceivable bank with whom Jack Finn did business and, unless Plaintiff is withholding documents relevant hereto, Resulted in the production of exactly zero (0) trust documents naming Plaintiff as a beneficiary and Movants as trustees. No flow of funds in or out of Jack Finn's account is going to result in the production of a documents which does not exist. This is merely a fishing expedition by a boy angry at the man who refused to adopt him and an attack on Ilana Eddi as Mr. Finn's biological daughter.

Supreme Court Rule 191(b) governs how a party must respond to a motion when they claim additional information is needed. Rule 191(b) provides as follows:

> *b) When Material Facts Are Not Obtainable by Affidavit. If the affidavit of either party contains a statement that any of the material facts which ought to appear in the affidavit are known only to persons whose affidavits affiant is unable to procure by reason of hostility or otherwise, naming the persons and showing why their affidavits cannot be procured and what affiant believes they would testify to if sworn, with his reasons for his belief, the court may make any order that may be just, either granting or refusing the motion, or granting a continuance to permit affidavits to be obtained, or for submitting interrogatories to or taking the depositions of any of the persons so named, or for producing documents in the possession of those persons or furnishing sworn copies thereof. The interrogatories and sworn answers thereto, depositions so taken, and sworn copies of documents so furnished, shall be considered with the affidavits in passing upon the motion.*

5

FILED DATE: 8/22/2024 4:19 PM 2022CH00675

The affidavit of the Plaintiff paragraph 13 through 18 states that additional discovery is needed, but fail to specify specific discovery or identify how that specific discovery will lead to the production of admissible evidence. The only statement made to support the request for additional discovery is in paragraph 16 that states that the Plaintiff requires 'additional discovery including but not limited to bank accounts and trust accounts related to Jacob Finn aka Jack Finn to identify the relevant trust". The statements made in Plaintiff's affidavit fail to comply with Rule 191(b) and are insufficient to grant the request for unspecified additional discovery.

To comply with Rule 191 (b), an affidavit must contain: (1) a statement hat material facts are unavailable due to hostility or otherwise; (2) the names of the people the affiant wants to depose; (3) a showing as to why affidavits could not be procured from those people; (4) a statement as to the expected testimony from those people; (5) the basis for the affiant's belief that those persons will so testify; and (6) the affiant should be a party to the action. *Koukoulomatis by Koukoulomatis v. Disco Wheels, Inc.*, 127 Ill.App.3d 95, 99 (1st Dist, 1984 ). Statements made on information and belief *Beattie v. Lindelof*, 262 Ill.App.3d 372, 382 (1st Dist. 1994)) or which are conclusory are inadmissible. *Smith v. United Farm Mut. Reinsurance*, 249 Ill. App.3d 686, 188 (5th Dist. 1993).

The consequences of not supporting a motion for a continuance to conduct additional discovery with an affidavit that complies with Rule 191 (b) are severe. Specifically, if a party does not file a Rule 191 (b) affidavit to support the motion, it forfeits any argument on appeal that additional discovery was needed and that dismissal or summary judgment was therefore premature. *The Department of Financial and Professional Regulation v. Walgreen Company*, 2012 Ill App 2nd 110452, 970 N.E. 2d 552 (2012).

FILED DATE: 8/22/2024 4:19 PM    2022CH00675

The Plaintiff's vague request that he needs additional discovery "including bank accounts and trust accounts" is insufficient to meet the requirements of R 191. In addition, allegations in the complaint solely revolve around a Jack Finn Irrevocable trust. The Plaintiff's affidavit supporting the Opposition does not even state that he seeks any records from anyone concerning any Jack Finn Irrevocable Trust. Thus, it is clear that the Plaintiff has filed this case to harass the Defendants. If your honor had any doubt about the harassing nature of the complaint before, certainly that should be put to bed by the plaintiffs filing of a complaint against virtually everybody from whom they sought information related to the subject matter of this case. See Exhibit "A" hereto.

### Plaintiff's Response Fails To Support A Claim Against Ely or Ilana Eddi Individually

The Plaintiff has filed suit against Ely Eddi nor Ilana Eddi. However, neither Ely Eddi nor Ilana Eddi has any legal duty whatsoever to perform an accounting or take any other action in regard to a trust. The Plaintiff has not alleged any other claim other than the demand for an accounting. Any claim for an accounting can only be brought against the Trustees in their capacities as trustees, not as individuals. The Plaintiff has failed to submit any argument or any affidavit under Rule 191(b) to state an issue of material fact to support any claim against Ely Eddi nor Ilana Eddi individually.

### Summary Judgment Should Be Granted Even If The Court Does Not Rely On The Release

Assuming *arguendo*, that this Court believes that the Butler affidavit is sufficient to create a material issue of fact as to the validity of the release, summary judgment should still be granted. The Plaintiff has failed to identify any Trust in which Ely Eddi or Ilana Eddi are named as Trustee

and Raymond Butler is a beneficiary. Thus, the Plaintiff has failed to create a material fact to defeat the motion for summary Judgment.

It is undisputed that the language of the release explicitly releases the Defendants and any claims of the Plaintiff. The statements made by Raymond Butler concerning the Release are very unusual. Mr. Butler states in his affidavit paragraph 12, as follows:

> ....*I did not sign this agreement. I was never presented with this agreement. To the extent that I signed this document unknowingly. I have never been in a situation where someone told me that I was waiving my right to receive money from a trust*"

In paragraph 13, Mr. Butler adds that *"I believe the September 23, 2009, document is a forgery.*

Mr. Butler contradicts himself within the statement. He at first denies signing the document, but then states that maybe he did sign it unknowingly. However, in the Plaintiff's statement of facts (see response page 4 par. 19) states that the Plaintiff has "no recollection" of signing the release. Further, Butler does not state that the release is a forgery. Butler hedges his statement (to avoid a perjury claim) that he "believes" the document is a forgery. Statements in an affidavit which are based on information and belief or which are unsupported conclusions, opinions, or speculation are insufficient to raise a genuine issue of material fact. (See *Anderson "Safeway" Guard Rail Corp. v. Champaign Asphalt Co.* (1971), 131 Ill.App.2d 924, 928, 266 N.E.2d 414, Patterson v Stern 99 Ill App 2d 399, 404, 232 NE 2d 7 (1967) Moreover, the mere allegation that material factual disputes exist does not create a triable issue of fact. *Anderson Corp.*, 131 Ill. App.2d at 927, 266 N.E.2d 414 (1971

In addition, Raymond's affidavit paragraph 11 states that " After September 21, 209, I never returned to Gutman's law office ....I did not sign any legal documents regarding the disbursement after I signed the disbursement on September 21, 2009" This statement by the Plaintiff is contradicted by the Plaintiff's own verified first amended complaint paragraph 27 which states that "On September 23, 2009, Raymond again went to the attorney's office....Also at

FILED DATE: 8/22/2024 4:19 PM  2022CH00675

that meeting Raymond purportedly executed a second document, purporting to be a receipt or release of the $30,000..." It is well established that a fact admitted in a verified pleading is a formal, conclusive judicial admission which is binding on the pleader and which dispenses wholly with proof of that fact. Beverly Bank v Coleman Air 134 Ill App 3d 6999, 481 NE 2d 54, 57 (1985), *Chavez v. Watts* 161 Ill. App.3d 664, 673 (1987) Thus, Raymond's attempt to change his story does not create a question fact.

Rule 191(a) requires that affidavits be made "on the personal knowledge of the affiants...with particularity the facts..." It is clear from that statement of Mr. Butler that he has no specific recollection. In fact, he does not state that the document is a forgery. The statements made by Mr. Butler are insufficient to create a material fact to defeat the enforcement of the release.

In our case, there is a release that is clear and explicit. Where a written agreement is clear and explicit, a court must enforce the agreement as written without the assistance of parol evidence or any extrinsic aids. *Rakowski v. Lucente,* 104 Ill.2d 317, 323, 84 Ill.Dec. 654, 472 N.E.2d 791, 794 (1984). Once the defendant establishes the existence of a release, legal and binding on its face, the burden shifts to the plaintiff to prove it invalid by clear and convincing evidence. *McComb v. Seestadt*, 93 Ill.App.3d 705, 706, 417 N.E.2d 705, 707 (1981).

The release is clear and unambiguous, and the burden has shifted to the Plaintiff "to sufficiently allege and prove that a material issue of fact exists which would invalidate the agreement". The Plaintiff has not attached an affidavit to support the claim that there was any fraud or other improper conduct. Thus, the Plaintiff has failed to raise a material issue of fact.

## CONCLUSION

For the foregoing reasons, the Trustees respectfully request that the Court grant the Trustees' motion for summary judgment and dismiss the Plaintiff's complaint with prejudice.

9

FILED DATE: 8/22/2024 4:19 PM 2022CH00675

Respectfully submitted,

ILANA EDDI and ELI EDDI
individually and as Trustees
of the Jack Finn Irrevocable Trust

Jeffrey K. Gutman
One of their attorneys

Jeffrey K. Gtman
Gutman & Associates LLC
4018 North Lincoln
Chicago, Illinois 60618
773.472.4500
Atty No. 14025
jgutman@GutmanAttorneys.com

10