UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

RAYMOND E. BUTLER, II,

    Plaintiff,

v.

ELI JACKFINN EDDI a/k/a ELY EDDI,
et al.

    Defendants.

_____/

Case No. 2:24-cv-00134
Hon. Paul L. Maloney
Mag. Judge Maarten Vermaat

**Defendants Chaim Rajchenbach, Menachem Shabat, and Shmuel Fuerst's Response Brief in Opposition to Plaintiff's Renewed Motion to Lift Stay**

The stay should remain in place. Plaintiff's Illinois case is mere months away from trial. If the factfinder in that case finds that plaintiff is not a trust beneficiary or that he released his claims, then plaintiff's claims in this case will be barred by collateral estoppel. Lifting the stay before then could waste enormous resources of the Court and the over 30 defendants named in the complaint. Efficiency begs for the stay to continue through the conclusion of trial in the Illinois case.

**A. Background.**

This Court summarized the background in its order granting defendants' motion to stay:

> On August 6, 2024, Plaintiff filed his 72-page complaint against 31 Defendants alleging a RICO conspiracy regarding the administration of a trust. (ECF No. 1). On September 9, 2024, Defendants Chaim Rajchenbach and Menachem Shabat moved to stay this action. (ECF No. 37). On September 11, 2024, Defendant Ilana Finn Eddi joined her codefendants' motion to stay. (ECF No. 56)….

04167506 v1

> Back in January 2022, Mr. Butler, the same Plaintiff in this case, sued Ilana Eddi and Ely Eddi in Cook County's Probate Court over the same trust at issue here. *Raymond Butler & Hannah Finn v. Ilanna Eddi & Ely Eddi*, No. 22 CH 675 (Ill. Cir. Ct. Jan. 26, 2022). In October 2022, Plaintiff filed his first amended complaint in the Illinois case, which alleged that he is a trust beneficiary. (ECF No. 37-5). Plaintiff also demanded an accounting from Ms. Eddi and. Mr. Eddi. (*Id.*). Currently, there is a pending motion for summary judgment in the Illinois case. (ECF No. 37-2). At issue in the Illinois court case is whether Plaintiff is a beneficiary of the trust and if he was a beneficiary, whether he waived his rights to the trust in exchange for $30,000. (*Id.*). Defendants moved to stay this action because, in their view, collateral estoppel could bar Plaintiff's federal case in its entirety…. [ECF No. 79 at PageID.772-73].

On September 26, 2024, this Court stayed the case. ECF No. 79. On November 5, 2024, Plaintiff filed a motion asking the Court to lift the stay because the Illinois court had delayed hearing the Eddis' summary judgment motion. ECF No. 85. This Court denied the motion:

> The delays in state court are unfortunate. But those delays do not change this court's prior analysis regarding the necessity of a stay. (ECF No. 79 at PageID.777-80). Plaintiff is ultimately responsible for this delay as he initiated both actions. Defendants' interests and the public's interest in saving court resources continue to favor the stay. [ECF No. 87 at PageID.991].

The Cook County judge recently denied Ms. Eddi and Mr. Eddi's motion for summary judgment and set the matter for trial on November 3, 2025. *See* ECF No. 97. That means it is just months before the parties in that case obtain a judgment that could be dispositive of the claims against the 31 defendants in this case. That is good reason for the stay to continue.

**B. Legal standard.**

04167506 v1

2

"District courts have broad discretion and power to limit or stay discovery until preliminary questions which may dispose of the case are answered." *Bangas v. Potter*, 145 F.App'x 139, 141 (6th Cir. 2005), citing *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999). "Where the stay motion is premised on the alleged significance of another case's imminent disposition, courts have considered the potential dispositive effect of the other case, judicial economy achieved by awaiting adjudication of the other case, the public welfare, and the relative hardships to the parties created by withholding judgment." *Caspar v. Snyder*, 77 F.Supp. 3d 616, 644 (E.D. Mich. 2015).

Here, this Court explained its reasoning for granting defendants' motion to stay:

> [C]ollateral estoppel could bar some of Plaintiff's claims, and the Illinois case's disposition is imminent. If the Illinois court determines that Plaintiff is not a trust beneficiary or waived his rights to the trust at issue, his claims are likely to fail in this federal case. As acknowledged by the Eleventh Circuit, a "likelihood that the other forums' decisions would control or significantly inform the litigation" continues a "good reason" for a stay. *Miccosukee Tribe of Indians of Fla. v. S. Fla. Water Mgmt. Dist.*, 559 F.3d 1191, 1197 (11th Cir. 2009). [ECF No. 79 at PageID.778].

The Court identified the elements needed to establish collateral estoppel and explained how they all favor a stay in this case. *Id.* at PageID.778-79. The only thing that has changed since entry of the stay is that the Illinois court has denied Ms. Eddi and Mr. Eddi's motion for summary judgment. That means the parties will have to wait some months longer to get a judgment that could be dispositive of

04167506 v1                                    3

this federal case. But that additional delay does not justify lifting the stay. As the Court previously wrote, and it still remains true:

> [S]everal reasons lead the court to believe that a stay is proper here. Plaintiff brought both cases. He is responsible for the timing and venue of each…. The Illinois case has been pending since January 2022. And finally, this court runs the risk of issuing a ruling which would be adverse to a state court judgment. Principles of comity and federalism caution against such friction. [ECF No. 79 at PageID.780].

The public interest in judicial economy and efficiency also will be advanced by a stay of these proceedings, because a stay will free up judicial resources. That, in addition to the potential savings to the dozens of parties from unnecessary litigation expenses, outweigh any hardship on Plaintiff, who "is responsible for the timing and venue" of his two cases. *Id.*

The last time Plaintiff sought to have the stay set aside, this Court noted that its "prior analysis regarding the necessity of a stay" remained unchanged. ECF No. 87 at PageID.991. "Plaintiff is ultimately responsible for this delay as he initiated both actions." *Id.* "Defendants' interests and the public's interest in saving court resources continue to favor the stay." *Id.* That continues to be true today.

### D. CONCLUSION.

For these reasons, Mr. Rajchenbach, Mr. Shabat, and Mr. Fuerst request that this Court deny Plaintiff's renewed motion to lift stay and that the Court leave the stay in place until after the conclusion of trial in the Illinois case.

Respectfully submitted,
MADDIN, HAUSER, ROTH & HELLER, P.C.

 */s/ Jesse L. Roth*
Jesse L. Roth (P78814)

04167506 v1

4

*Attorneys for Defendants Rajchenbach, Shabat, and Fuerst*
One Towne Square, Fifth Floor
Southfield, MI 48076  (248) 351-7010
jroth@maddinhauser.com

Dated: February 11, 2025

## CERTIFICATE OF COMPLIANCE

Defendants Chaim Rajchenbach, Shmuel Fuerst and Menachem Shabat, through their counsel, state that the relevant portion of their Response Brief in Opposition to Plaintiff's Motion to Lift Stay is a total of 1,046 words.

*/s/ Jesse L. Roth*
Jesse L. Roth (P78814)
Maddin Hauser Roth & Heller, PC

Dated: February 11, 2025

## CERTIFICATE OF SERVICE

I hereby certify that on February 11, 2025, the foregoing document was electronically filed with the Clerk of Court using the Court's electronic filing system, which will send notification of such filing to all counsel of record.

*/s/   Jesse L. Roth*
Jesse L. Roth (P78814)
Maddin Hauser Roth & Heller, P.C.