1

```
                IN THE UNITED STATES DISTRICT COURT
                   NORTHERN DISTRICT OF ILLINOIS
                         EASTERN DIVISION

RAYMOND E. BUTLER, II,          )  Case No.  25 C 4443
                                )
                Plaintiff,      )
                                )
        v.                      )
                                )
ELI JACKFINN EDDI, et al.,      )
                                )  Chicago, Illinois
                Defendants.     )  June 9, 2025
                                )  10:00 a.m.


                    TRANSCRIPT OF PROCEEDINGS
        BEFORE THE HONORABLE GEORGIA N. ALEXAKIS

APPEARANCES:

For the Plaintiff:     KMFL LAW
(Via telephone)        BY:  MS. KATHERINE A. LONDON
                       100 Illinois Street, Suite 200
                       St. Charles, Illinois 60174


                       THE MICHIGAN LAW FIRM PC
(Via telephone)        BY:  MS. RACINE MILLER
                       135 North Old Woodward Avenue, Suite 270
                       Birmingham, Michigan 48009


For Defendant Dorine   HALL MATSON GARVER THOMAS LAW
and Manuel Magence:    BY:  MS. SUSAN A. GARVER
                       940 Monroe Street NW, Suite 253
                       Grand Rapids, Michigan 49503


For Defendant          HINSHAW & CULBERTSON LLP
Jeffrey Gutman:        BY:  MS. JENNIFER W. WELLER
                       151 North Franklin Street, Suite 2500
                       Chicago, Illinois 60606


For Defendant          ALAN J. MANDEL LTD.
Nachshon Draiman:      BY:  MR. ALAN J. MANDEL
                       7520 Skokie Boulevard
                       Skokie, Illinois 60077


For Defendant          SWANSON MARTIN & BELL
William Kanter:        BY:  MS. MARY H. CARLSON
                       330 North Wabash Street, Suite 3300
                       Chicago, Illinois 60611
```

APPEARANCES:   (Continued)

For Defendant Moshe      FOREIGN SERVICE LAW OFFICE
Soloveichik:             BY:  MR. MARK DUNAEVSKY
                         1555 Sherman Avenue, Suite 354
                         Evanston, Illinois 60201

For Defendant Shmuel     BARACK FERRAZZANO KIRSCHBAUM &
Fuerst, Chaim            NAGELBERG LLP
Rajchenbach, Menachem    BY:  MR. SAMANTHA ZUBA
Shabat:                  200 West Madison Street, Suite 3900
                         Chicago, Illinois 60606

For Defendant Harold     PATZIK, FRANK & SAMOTNY LTD.
Katz:                    BY:  MR. THOMAS G. FRENCH
                         200 South Wacker Drive, Suite 2700
                         Chicago, Illinois 60606

For Defendant Irving     CLAUSEN MILLER P.C.
Birnbaum:                BY:  MS. JACQUELYN PEARCE
(Via telephone)          10 South LaSalle Street
                         Chicago, Illinois 60603

For Defendant            MR. GARY A. WEINTRAUB
Stanton F. Aron:         465 Central Avenue, Suite 100
                         Northfield, Illinois 60093

For Defendant            OBERTS GALASSO LAW GROUP
Colman Ginsparg:         BY:  MR. MICHAEL R. SPANEL
                         181 West Madison Street, Suite 4700
                         Chicago, Illinois 60602

For Defendant Garry      TRESSLER LLP
Chankin:                 BY:  MR. JAMES BORCIA
(Via telephone)          233 South Wacker Drive, 61st Floor
                         Chicago, Illinois 60606

For Defendant David      HONIGMAN MILLER SCHWARTZ AND COHN LLP
Raanan:                  BY:  MR. MATTHEW E. RADLER
                         2290 First National Building
                         660 Woodward Avenue
                         Detroit, Michigan 48226

Court Reporter:          JENNIFER COSTALES, CRR, RMR, CRC
                         Official Court Reporter
                         219 S. Dearborn Street, Room 1714
                         Chicago, Illinois 60604
                         (312) 435-5895 - jenny.uscra@yahoo.com
                              *   *   *   *   *
                   PROCEEDINGS REPORTED BY STENOTYPE
        TRANSCRIPT PRODUCED USING COMPUTER-AIDED TRANSCRIPTION

(Proceedings heard in open court:)

THE COURTROOM DEPUTY: Case 25 CV 4443, Butler versus Eddi, et al.

THE COURT: Good morning, everyone. This is Judge Alexakis. I know we have a lot of parties involved in this matter. So we're going to start with appearances. We have many people in the courtroom. I know there are several people who are on the phone as well. I will enter appearance -- I will try to cruise-direct the entering of appearances so that folks aren't talking over one another.

It is very important given the number of individuals who are involved that everyone state their name before they speak at any point during the hearing.

It is also important that everyone who is on the call keep their lines muted, unless they are speaking.

Having said all of that, why don't we start with appearances from plaintiff's counsel.

MS. MILLER: Good morning, Your Honor.

MS. LONDON: Good morning, Your Honor. Katherine London.

THE COURT: One at a time, please.

Why don't we start over. We'll start with, I think it's Ms. Miller.

MS. MILLER: Good morning, Your Honor. May it please the Court, this is Attorney Racine Miller calling in from

Michigan on behalf of Raymond Butler.

THE COURT: Okay. And do we have another attorney for Mr. Butler on the call?

MS. LONDON: Yes, Your Honor. Katherine London on behalf of Mr. Butler.

THE COURT: Okay. All right. I'm pulling up the docket, and I'll go defendant by defendant. I know that not everyone has been served, and so we may have an absence of an appearance in those respects. But I think this is the most organized way to proceed.

Do we have anyone here on behalf of defendant Eli Eddi, E-D-D-I? I'm not hearing anyone.

Do we have anyone here for defendant Ilana Eddi? Okay.

Do we have anyone here for Dorine Magence, M-A-G-E-N-C-E?

MS. GARVER: Yes, Your Honor. Susan Garver on behalf of Dorine Magence.

THE COURT: Good morning, Ms. Garver.

Do we have anyone here for defendant Manuel Magence?

MS. GARVER: Yes. Susan Garver on behalf of Manuel Magence. Thank you.

THE COURT: Do we have anyone here for defendant Jeffrey Gutman?

MS. WELLER: Yes, Your Honor. Jennifer Weller for

defendant Jeffrey Gutman.

THE COURT: Good morning, Ms. Weller.

Anyone here for defendant, I'm going to mispronounce this name, Nachshon Draiman?

MR. MANDEL: Yes, Your Honor. Alan Mandel. You actually pronounced it very well.

THE COURT: Excellent. Thank you, Mr. Mandel.

Anyone here for defendant William Kanter?

MS. CARLSON: Good morning, Your Honor. Mary Carlson for William Kanter.

THE COURT: Anyone here for defendant Joel Rothman? Not seeing anyone or hearing anyone.

Anyone for defendant Moshe Soloveichik?

MR. DUNAEVSKY: Yes, Your Honor. Mark Dunaevsky for defendant Moshe Soloveichik.

THE COURT: Good morning.

MR. DUNAEVSKY: Good morning.

THE COURT: Okay. What about defendant Alan Green? Okay, no one.

Anyone for defendant Jerry Cherney? Not hearing anyone or seeing anyone.

Anyone for defendant Shmuel Fuerst?

MS. ZUBA: Samantha Zuba on behalf of Shmuel Fuerst.

THE COURT: Anyone for defendant Harold Katz?

MR. FRENCH: Good morning, Your Honor. Tom French on

behalf of Mr. Katz.

THE COURT:  Good morning.

Anyone for defendant Samuel Maslaton?  Okay.  Not hearing or seeing anyone.

Anyone for defendant Daniel Bergman?  Not hearing or seeing anyone.

Anyone for defendant Irving Birnbaum?

MS. PEARCE:  Yes.  On the telephone, Jackie Pearce.

THE COURT:  Good morning, Ms. Pearce.

Anyone for defendant Aron Stanton?

MR. WEINTRAUB:  Good morning, Your Honor.  Gary Weintraub for defendant Stanton Aron.

THE COURT:  I'm sorry if I got that wrong.

MR. WEINTRAUB:  It's AKA, but it's correct, Stanton Aron is the correct legal name.

THE COURT:  But it shows up on the docket as Aron Stanton?

MR. WEINTRAUB:  Sued AKA Aron Stanton, Stanton Aron, yes.

THE COURT:  Okay.  Do we need to have that corrected on the Northern District of Illinois docket?

MR. WEINTRAUB:  I probably should.

THE COURT:  Okay.

MR. WEINTRAUB:  The name is Stanton F. Aron.

THE COURT:  Stanton F. Aron, okay.

Did you get that, Carmen?

We'll enter language directing the Clerk of the Court to fix that.

MR. WEINTRAUB:  Thank you, Your Honor.

THE COURT:  Okay.  Anyone for defendant Chaim Rajchenbach?

MS. ZUBA:  Yes, Your Honor.  Samantha Zuba.

THE COURT:  Good morning again.

Anyone for defendant Rivka Rajchenbach?  No one.  Okay.

Defendant Avrum Rajchenbach?  No one.

Anyone for defendant Menachem Shabat.

MS. ZUBA:  Yes, Your Honor.  Samantha Zuba.

THE COURT:  Okay.  Good morning again.

Okay.  Anyone for defendant Ahuva Shabat?  No one.

Anyone for defendant Ronald Shabat?  No one.

Anyone for defendant Eric Rothner?  No one.

Anyone for defendant Colman Ginsparg?

MR. SPANEL:  Michael Spanel, S-P-A-N-E-L.

THE COURT:  Good morning, Mr. Spanel.

Anyone for James Mainzer?  Not seeing or hearing anyone.

Anyone for defendant Marshall Brown?  No one.

Anyone for defendant Jeffrey Finn?  No one.

Anyone for defendant Aaron Cohen?  No one.

Anyone for defendant Garry Chankin?

MR. BORCIA: Yes, Your Honor. Jim Borcia, B-O-R-C-I-A, on behalf of Garry Chankin.

THE COURT: Good morning, Mr. Borcia.

Anyone for defendant Nancy Rosen? No one.

Anyone for defendant Mark Antebi? Okay. Not hearing anyone.

Anyone for defendant Barry Antebi? Okay. Not hearing anyone.

We're getting close to the end.

Anyone for defendant David Raanan?

MR. RADLER: Good morning, Your Honor. Matthew Radler for defendant Raanan.

THE COURT: Okay. Good morning.

And then anyone for defendant Elliot Antebi? Okay. Not hearing anyone.

Have I missed anyone in court? I'm not hearing anything.

And then have I missed anyone who is on the line? Okay, great. We have everyone accounted for.

All right. So as you all know, this matter was transferred to me from Judge Maloney in the Western District of Michigan. This is really just a status hearing to touch base on where everything stands.

I've reviewed the docket, and I know that Judge

Maloney entered a stay of the proceedings, originally reflected at docket 79, most recently reflected at docket 113, and that the stay that he entered is in place pending the resolution of the Illinois case.

Starting with plaintiff's counsel, is that your understanding of the state of affairs right now, Ms. Miller?

MS. MILLER: Good morning, Your Honor. This is Ms. Miller.

Yeah, I do agree that that is the procedural posture of the case. That is where we are right now. But we do object to the stay. Thank you.

THE COURT: And what is the basis for the objection to the stay?

MS. MILLER: Thank you very much, Your Honor. The Illinois case only involves a small matter as opposed to the federal case, where there are numerous claims. And there is no basis for the Illinois stay. Originally it was supposed to have been only to and through the disposition of the dispositive motion, which of course plaintiff survived. And then the judge sua sponte elected to extend the stay until the resolution of the Illinois case.

Our contention is there is no basis. We've got more defendants and claims in the federal case, federal questions and things of that nature.

THE COURT: Okay. Understood.

Is there anyone from the defendants who is going to take the lead in responding to that position from the plaintiff? Can someone take the lead?

MS. ZUBA: Your Honor, I can respond and others can add, if that sounds good. Samantha Zuba on behalf of Shmuel Fuerst, Chaim Rajchenbach and Menachem Shabat.

There are more defendants, many more defendants in this case. However, there is a potentially dispositive issue at stake in the Illinois state court case.

If the plaintiff is determined not to be a beneficiary of the Finn irrevocable trust, then our position is that there are just no claims here in the federal case. So it would be much more efficient to resolve that. And that's what Judge Maloney found compelling. That hasn't changed.

There is still a set trial date in November for that state court case, so there is a definitive end in sight for the stay.

And all of the claims regarding other trusts and things of that nature all proceed from this, whether or not he's a beneficiary of this original trust. And I think two paragraphs of the amended complaint illustrate that very well.

I would point Your Honor to ECF number 71, paragraphs 109 and 112. And so that starts with talking about the original trust and how all of these other claims spin out from that original trust.

THE COURT: Do any of the defendants want to add to that presentation? Anyone in the courtroom? No volunteers.

Anyone on the phone? All right.

Ms. Miller, do you have anything you want to say in response to that?

MS. MILLER: Briefly, Your Honor. Thank you.

THE COURT: Go ahead.

MS. MILLER: Thank you. Defendants Rajchenbach and Shabat are intervening in the state court case. They're now attempting to bring the federal issues into the state court case. Our claims here are significantly broader, and we can't allow this case, which has been stayed for nine months, to be stayed for an indefinite period of time on the hope of defendants in the Western District of Michigan that this troubling matter will be decided in defendants' favor in the state court matter. That's a contingency.

Summary judgment has already resolved in favor of plaintiff, and there is no reason why plaintiffs should be estopped from conducting discovery.

Finally, we also don't know whether or not the November trial date will actually occur.

THE COURT: And why is that, on that last point, why wouldn't the trial date occur in November?

MS. MILLER: Thank you very much, Your Honor. I believe that Ms. London can speak to that, but ultimately

there are -- the case has been going for years. Many judges in that case. I just don't -- plaintiff does not believe that there is any basis to stay this case pending additional motion practice -- I'm sorry, additional six months.

THE COURT: All right. Ms. London, is there anything you want to add with respect to the state of affairs in the Illinois court?

MS. LONDON: Yes. Thank you, Your Honor. The request to stay this case based on the Illinois case is inappropriate. The defendants are attempting repeatedly to intervene in the Illinois case, even though they have no standing. They don't have any defendants in the case. No one has filed any appearances.

They filed a motion to quash a subpoena, which was granted. I sent out more subpoenas. I have depositions pending. I believe that once we get the documents that we need and the depositions done, that we'll be able to resolve the case without going to trial.

But they continue to attempt to intervene in order to slow down the process and make this case take even longer than it has, and in doing that, the stay of the federal case, which continues to take even longer than it has.

So we believe that we will be able to avoid a trial once we get the documents, which should be, we imagine, over the next few months.

THE COURT: You're talking about discovery that you think that -- you're talking about discovery that will happen in Illinois court that you think that the results of that discovery will obviate the need for a trial, is that right?

MS. LONDON: Yes, Your Honor.

THE COURT: Okay. And so then how would the case resolve itself?

MS. LONDON: We believe we would be able to have some sort of settlement or we would get a motion for summary judgment.

THE COURT: Another motion for summary judgment?

MS. LONDON: I'm sorry, a final -- we would be able to resolve it based on a summary judgment from the judge.

THE COURT: Based on a motion that the plaintiff would be filing in state court?

MS. LONDON: Yes.

THE COURT: Okay. Okay. I appreciate everyone's input. I have reviewed the docket closely. I've also reviewed the complaint closely.

I do agree with Judge Maloney, that he was correct to impose a stay pending resolution of the Illinois case. And for the same reasons that Judge Maloney articulated, in particular in his order reflected at docket 79, I will continue that stay pending resolution of the Illinois case.

More specifically or most specifically, I agree with

Judge Maloney's statement that if the Illinois court determines that plaintiff is not a trust beneficiary or waived his rights to the trust at issue, his claims are likely to fail in this federal case, and that defendants' anticipated collateral estoppel argument, therefore, favors a stay.

I also agree with the additional observation that Judge Maloney made, that if the federal case were to proceed in parallel, the Court runs the risk of issuing a ruling which would be adverse to a state court judgment, and that principles of comity and federalism caution against such friction.

I don't think that any efforts on the part of defendants to intervene in the state court proceedings change that bottom line. It may delay the proceedings, but at the end of the day it doesn't change the analysis that principles surrounding abstention and comity and federalism militate in favor of allowing the state court to resolve that bottom line issue, even if there might be additional issues presented by the federal action.

I do note that Judge Maloney in his analysis was necessarily relying on Sixth Circuit case law. And yet the principles that he articulated are consistent with Seventh Circuit case law surrounding abstention principles, and in particular the Colorado River Abstention Doctrine. And in support of that I cite to *Huon*, H-U-O-N, v. *Johnson & Bell*,

657 F.3d 641, a Seventh Circuit case from 2011, as well as *Freed v. JPMorgan Chase Bank*, 756 F.3d 1013, a Seventh Circuit case from 2014.

So the stay will remain in place. Because the stay remains in place, all the pending motions that are at docket 61, 68, 74 and 75, I'm going to deny them without prejudice to renewal following any potential lifting of the stay.

The motions at 61, 68 and 74 seek the vacater of entries of default against particular defendants. And the motion at docket 75 seeks alternate service on a total of 10 defendants. Again, there is no reason to resolve those motions at this time given the stay, but, again, without prejudice to renewal by plaintiff or these particular defendants following any lift of the stay.

One other topic I wanted to address is the protective order that Judge Maloney entered. And that's reflected at docket 113. In that protective order, Judge Maloney ordered that the plaintiff not contact, communicate with or attempt to contact or communicate with defendant Chaim Rajchenbach, defendant Menachem Shabat or any witness in the instant case, unless that contact or communication is through his attorney, Ms. Miller.

Judge Maloney was careful to say that the protective order does not bar plaintiff from contacting law enforcement. And he also added that the protective order does not bar

plaintiff from contacting his family members regarding matters unrelated to this litigation.

Having reviewed the docket, I'm going to keep that protective order in place.

Are there any other topics that need to get addressed this morning? And I'll start with Ms. Miller.

MS. MILLER: Thank you very much, Your Honor. Very briefly, I just am respectfully requesting leave to file a motion to lift the stay so that we can formally address the issue in respect to Seventh Circuit case law.

Our position is the Younger Abstention Doctrine doesn't apply. This is a national issue with defendants all over the country. We'd like to be able to present case law from the Seventh and Sixth Circuit to support that there are no stays required in these circumstances.

As to the protective order, we would like to challenge the protective order or at least modify it. It's still too restrictive. Ms. London, who has appeared on behalf of the plaintiff in Illinois, is also counsel for Mr. Butler, and I should not be the only person on the face of the planet that can discuss these matters on behalf of Mr. Butler.

THE COURT: Okay. So with respect to leave to file another motion to lift the stay in proceedings, I'm going to deny that motion at this time. I've considered the issue. And the Younger Abstention is not the basis by which I'm

enforcing the stay. It's the Colorado River Abstention Doctrine that I find to be the relevant doctrine here. And I've considered the relevant Seventh Circuit cases and reviewed the docket and don't think that additional briefing -- effectively what you are asking for is a motion for reconsideration of my oral ruling. And so I denied that motion at that time, again, without prejudice to renewal pending additional factual developments that may arise in Illinois court.

On the motion to modify the protective order or leave to file a motion to modify the protective order, I agree that the protective order should be modified to reference Ms. London as well, and I can enter a minute order to that effect so that the contact or communication can be made through Mr. Butler's attorneys, plural, both Ms. Miller and Ms. London.

Were there other modifications that you sought to be made, Ms. Miller?

MS. MILLER: Thank you very much, Your Honor. Just for the record, I did want to indicate that at page ID 723, plaintiff did address the Colorado River Doctrine. Thank you for that.

As to any further modifications as to the protective order, I certainly don't think that Mr. Butler should be restricted from talking to his family on any matters.

THE COURT: Is there any defendant who wants to take the lead on responding to that?

MS. ZUBA: Your Honor, Samantha Zuba on behalf of Shmuel Fuerst, Chaim Rajchenbach and Menachem Shabat.

If plaintiff is suggesting that my clients or the people that he's been barred from contacting are somehow his family members, one, that's not true, and, two, it doesn't change the fact that this plaintiff has engaged in harassing communications. That's been confirmed by the federal court. That's been upheld by the federal courts.

There is just no need, there is no need for a change to the protective order. It was written with great care as you've already noted.

THE COURT: I understood Ms. Miller to be saying, to be seizing upon that last, the last sentence that I highlighted from Judge Maloney's order, which said that the plaintiff was barred from contacting family members regarding -- was not barred, I'm sorry. Plaintiff was not barred from contacting family members regarding matters unrelated to this litigation.

If I understood Ms. Miller correctly, she was saying that plaintiff should be permitted to talk to his family members about anything, including this litigation.

Did I understand that correctly, Ms. Miller?

MS. MILLER: Yes, Your Honor. Thank you.

THE COURT: And what's the response to that proposed modification?

To be perfectly frank, while I have reviewed the docket pretty extensively, I'm not going to pretend that I understand all of the personal relationships and who exactly is who amongst this long line of defendants.

MS. MILLER: If I may, Your Honor? This is Ms. Miller.

THE COURT: Hold off, Ms. Miller. Someone is stepping up in court.

MR. MANDEL: This is Alan Mandel on behalf Nachshon Draiman.

Having listened to the list of people who have not been served and have not appeared, I believe those are the people who the plaintiff might consider family members. So there is no lawyer here who would speak for those people.

THE COURT: Understood.

All right. So why don't we do this. Ms. Miller, I will give you a deadline to file a motion to modify the protective order and to set out exactly who it is that Mr. Butler feels that the protective order is impermissibly restraining him from speaking to and on what topics.

How much time do you need to do that?

MS. MILLER: Thank you very much, Your Honor. I absolutely appreciate the latitude. How about 14 days max?

THE COURT: That's fine, 14 days. So that takes us to June 23rd.

I'll set a deadline for a response of July 14th. I'm pausing only because, in light of prior counsel's comment, I'm not sure that I'm going to get a response. But is there anyone who can shed any light on that for me? Okay.

Go ahead. I'm sorry, I forgot your name.

MS. ZUBA: Samantha Zuba.

Your Honor, I would just submit that the motion, plaintiffs should not be permitted to revisit the issue of whether the specifically named parties in the protective order, that's Chaim Rajchenbach, defendant Menachem Shabat, that's already been, that's already been litigated, and they're not family members. So this doesn't even go to the concern that plaintiff has raised. And so I just don't want to receive briefing that goes back to that very clearly decided issue.

THE COURT: I agree with that, right. And so the leave to file a motion to modify the protective order is limited to that issue of, you know, who are these family members that Mr. Butler wants to be able to speak to and why. Is it that he wants to speak to them about this litigation and, of course, the legal support for that position.

So I'll set a deadline for July 14th. I understand that I may not get a response, because the people who would be

on the other -- who might oppose a modification of that protective order might not be represented, and I'll take that into consideration as I weigh in on the motion.

Is there anything further from the plaintiff, Ms. Miller?

MS. MILLER: Yes, please. And thank you, Your Honor. We did also want to brief on the issue of nonparty witnesses as well. There are no witnesses or family member who have filed any personal protective order petitions or proceedings that would effectively stop Mr. Butler from speaking to them.

So we would certainly like to address the matter of anyone, as the Court previously indicated, who we believe is impermissibly restrained and not be limited to just family members.

THE COURT: But you can contact nonparty witnesses, and now Ms. London can contact nonparty witnesses. So I'm a little -- I guess I don't understand why it is that Mr. Butler wants to be contacting nonparty witnesses in light of the findings that Judge Maloney made regarding the threatening nature of his prior communications.

MS. MILLER: Thank you, Your Honor. And this is something that I would like to fairly brief for the Court. This is something that we believe has First Amendment restrictions that ought to be narrowly tailored. And we still believe it's too restrictive on a First Amendment basis.

Again, this is something we're happy to provide briefing to the Court on.

THE COURT: I'll give you leave to brief it, but it needs to be briefed in the context of a motion for reconsideration. So I want to be clear that yes, venue has transferred, and this is case is no longer pending in front of Judge Maloney, but the case still otherwise continues. And unless I see a reason to completely upset the apple cart, I very much will defer to factual findings that Judge Maloney made following an evidentiary hearing.

So I just want to make sure that you understand I'm not writing from a blank slate on the motion for a protective order. And if you think that Judge Maloney got something wrong as a matter of law, then you can bring that to my attention, but this is not a forum to essentially try again given that Judge Maloney has already had an evidentiary hearing.

So the deadlines that I articulated earlier will stand. So two weeks for a motion to modify the protective order, July 14th for any response that I may get from anyone, and then I will rule via CM/ECF.

Is there anything that any of the defendants want me to address today? And why don't we start with any of the defense attorneys who are in the courtroom.

MR. SPANEL: Yeah, Judge. Michael Spanel. I

represent Colman Ginsparg.

My client's defaulted. And I just want to make sure I don't file any unnecessary motions or at the wrong time. My understanding now is that we should wait to file any motions to set aside the default until after the stay is lifted. Is my understanding correct?

THE COURT: Your understanding is correct.

MR. SPANEL: Okay. Thank you.

THE COURT: Any other defense attorneys who are in the courtroom? Okay. Not seeing anyone.

Any of the defense attorneys who are on the phone, is there anything that you want to bring to my attention? Okay. Not hearing anything.

The other deadline I will impose is a deadline of, I'm going to say December 1st, a joint status report letting me know what has transpired following the November 2025 trial that's currently scheduled in Illinois court.

And then of course the parties have leave to file a joint status report before then if there is a material development that warrants my attention.

Okay. Thank you, everyone.

MS. MILLER: Thank you very much Your Honor.

MS. LONDON: Thank you.

MS. ZUBA: Thank you.

MR. DUNAEVSKY: Thank you, Judge.

(Proceedings concluded at 10:30 a.m.)

* * * * *

I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

*/s/JENNIFER COSTALES*                    June 11, 2025

Jennifer Costales, CRR, RMR, CRC Date
Official Court Reporter